1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARCHWAY INSURANCE                  )
SERVICES, LLC, *et al*.,           )
                                   )
                    Plaintiff,     )        Case No.  2:11-cv-01173-JCM-CWH
                                   )
vs.                                )        **ORDER**
                                   )
JAMES HARRIS, *et al*.,            )
                                   )
                    Defendants.    )
_____)

This matter is before the Court on Defendants' Motion to Compel (#96), filed March 4, 2013; Plaintiffs' Response (#99), filed March 21, 2013; and Defendants' Reply (#104), filed April 2, 2013.

The Court notes that Defendants' Reply was untimely.  Local Rule ("LR") 7-2(c) provides that "reply points and authorities shall be filed and served by the moving party seven (7) days after service of the response."  Here, owing to the due date for the reply falling on a Sunday, the reply was due on or before April 1, 2013.  *See* Fed. R. Civ. P. 6(a)(1)(C).  Normally, "[w]hen an act may or must be done within a specified time . . . the court may . . . extend time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  *See* Fed. R. Civ. P. 6(b)(1)(B).  Defendants did not file a motion requesting leave to file an untimely reply and have not shown excusable neglect for missing the court-imposed deadline.  Nevertheless, the reply was only 1-day late and will be considered.

## BACKGROUND

This case was initially filed in the Eastern District of Pennsylvania.  On June 15, 2011, the claims in the complaint against Defendants James Harris, Gregory Harris and Harris Consulting were severed and transferred to this district.  (#44).  The only claims transferred were claims I and II for fraud

1  and breach of contract. *Id*. Approximately one year after the case was transferred the parties filed their

2  joint discovery plan, which was approved. *See* Order (#56). The discovery deadlines have been

3  subsequently extended twice. *See* Orders (#58) and (#87). Discovery is scheduled to close on May 6,

4  2013.

5       Shortly after Defendants filed their answer (#94), they filed this motion to compel. (#96).

6  Defendants seek an order requiring Plaintiffs to respond to outstanding Rule 33 and Rule 34 discovery

7  requests without objection. Defendants also seek an order compelling Plaintiffs to appear for

8  depositions. Pursuant to Rule 37(a)(5), Defendants request an award of costs and fees, including

9  attorney fees, incurred as a result of having to bring this motion. Defendants also seek additional

10  sanctions pursuant to 37(d).

11       Contemporaneous with their response to the motion to compel, Plaintiffs provided responses to

12  the Rule 33 interrogatories and Rule 34 requests for production. *See* Ex. D and Ex. E attached to Pls.

13  Resp. (#99). Plaintiffs answered the Rule 33 interrogatories without objection. Plaintiffs assert that

14  they have produced in excess of 650 pages of responsive documents to Defendants Rule 34 requests.

15  Plaintiffs also indicate that they will supplement the production with confidential deposition testimony

16  taken in another matter subject to Defendants entering a confidentiality agreement. Plaintiffs concede

17  that the scheduled depositions did not go forward, but argue that they did not fail to appear because

18  opposing counsel agreed to reschedule the depositions. Plaintiffs insist they "remain ready, willing and

19  able to produce the named deponents for depositions" once the parties agree to dates. Lastly, Plaintiffs

20  argue that because they have responded to the outstanding discovery and previously agreed to

21  reschedule the depositions, sanctions are not warranted.

22  **DISCUSSION**

23  **1. Rule 33 and Rule 34 Discovery Requests**

24       It is undisputed that Plaintiffs had not provided responses to Defendants' Rule 33 interrogatories

25  and Rule 34 requests for production prior to the filing of this motion. Plaintiffs did, however, attach

26  responses as exhibits to their response to this motion. *See* Ex. D and Ex. E attached to Resp. (#99).

27  The responses to the Rule 33 interrogatories were provided without objection. Except for a single

28  objection based on privilege, the responses to the Rule 34 requests for admissions were also made

2

without objection.  Because there was an objection made, the Court will consider Defendants' request that objections to the late responses be deemed waived.

The general rule is that the failure to object to Rule 33 or Rule 34 requests within the time required constitutes a waiver of any objection.  *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that the failure to object to discovery requests within the time required constitutes a waiver of any objection.").  Nevertheless, Courts retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver.  Rule 33 expressly provides that "[a]ny ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure." *See* Fed. R. Civ. P. 33(b)(4).  Rule 34 does not expressly provide for relief from waiver, but Courts that have considered the issue generally agree that there is no reason to treat waiver under Rule 34 any different than Rule 33.  *See Liguori v. Hansen*, 2012 WL 760747 (D. Nev.) (citations omitted).  Here, the undersigned has reviewed the record and finds there is good cause for relief from total waiver in this instance and, without commenting on the merits of the objection, will not find that the objection has been waived.

Additionally, in the reply Defendants request that the Court deem several of the discovery responses insufficient.  This request is premature.  Prior to requesting any action on the discovery responses, the Court will require Defendants to first meet and confer as required by Rule 37(a) and LR 26-7(b).

**2. Depositions**

Defendants also request an order compelling Plaintiffs to appear for depositions.  Defendants have not invoked a specific rule in support of their request, but do request sanctions under Rule 37(d). Federal Rule of Civil Procedure 37(d) provides that "[t]he court . . . may, on motion order sanctions if: (i) a party or a party's officer, director, or managing . . . fails, after being served with proper notice, to appear for that person's deposition."  Here, it is undisputed that Plaintiffs did not appear at depositions noticed for February 1 and February 4.  Nevertheless, Plaintiffs' counsel argues the parties had an agreement to reschedule the depositions.

As early as January 4, 2013, defense counsel sought input from opposing counsel on the scheduling of depositions.  *See* Ex. 5 attached to Defs' Mot. (#96).  On January 14, 2013, unable to

obtain deposition dates, defense counsel sent an email seeking input on agreeable dates for Plaintiffs'
depositions.  Ex. 6.  The email provides that defense counsel would follow up via telephone, but it is
not clear that such follow-up occurred.  Just four days after sending the email, Defendants served
notices of deposition on each plaintiff setting depositions for February 1 and February 4.  Ex. 7.
Accompanying the notices was a letter from defense counsel restating his willingness to reschedule the
depositions to mutually agreeable dates.  Ex. 8.  On January 25, 2013, counsel for the parties held a
telephonic conference wherein it was agreed the depositions could be scheduled on later date.  This
agreement was confirmed in a follow-up email between counsel.  Ex. 9.

Plaintiffs' counsel did not immediately propose alternative dates for the depositions.
Consequently, on February 4, 2013, two days after two of the noticed depositions were to proceed and
the same day as two other noticed depositions, defense counsel sent another email requesting input on
new deposition dates.  Ex. 10.  Unable to reach Plaintiffs' counsel by phone, defense counsel sent
another email on February 15, 2013 requesting deposition dates.  Ex. 11.  Finally, on February 26, 2013,
Plaintiffs' counsel proposed the week of April 15, 2013 for the depositions.  Defense counsel, although
indicating his willingness to "reasonably cooperate on discovery matters," made clear his belief that
Plaintiffs were attempting to unreasonable delay the depositions.  Ex. 12.

Even accounting for the initial delay in providing alternative deposition dates, it is clear counsel
for the parties had an agreement to reschedule the noticed depositions.  The undersigned rejects the
argument, as advanced by Defendants' counsel, that the agreement was contingent on Plaintiffs'
counsel providing alternative dates.  *See* Defs' Reply (#104) at 5:7-13.  Contrary to defense counsel's
assertion, the email communication between the attorneys did not "state that Plaintiffs' counsel needed
to provide possible dates before the scheduled dates."  *Id*.  The emails in question confirm that the
scheduled dates did not work and then invited a discussion on finding dates that would work for all
parties.  *See* Ex. 9 attached to Defs' Mot. (#96).  Tellingly, even though defense counsel had not heard
from opposing counsel about potential dates, he sent an additional email after the originally noticed
deposition dates continuing to seek input on agreeable dates for all four depositions that had been
noticed.  *See* Ex. 10 attached to Defs' Mot. (#96).  Defendants did not take a notice of non-appearance
at any of the noticed depositions.  Parties may stipulate to the time and place for taking depositions.

*See* Fed. R. Civ. P. 29(a).  Under the Local Rules, agreements or stipulations made pursuant to Rule 29(a) do not need court approval.  Consequently, the Court declines to find that Plaintiffs' failed to appear at the noticed depositions because the parties had agreed to conduct the depositions on different dates.

**3. Sanctions**

Defendants seek sanctions for what is termed Plaintiffs "complete" failure to respond to discovery requests or appear for deposition.  Citing this alleged "complete" failure, Defendants request sanctions under Rule 37(d).  The request for sanctions under that section is denied.  Although Plaintiffs did not appear on the date the depositions were noticed, the Court has found that the parties had a separate agreement to conduct the depositions on a date after the dates originally noticed.  Further, although the parties did not provide responses to the discovery in a timely manner, responses were provided.  Consequently, there has not been a "complete" failure to respond, but only a failure to timely respond.  Moreover, because the relief requested will be granted in part and denied in part, each party shall bear their own fees.  *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses of the motion.").  The parties are instructed to meet and confer for the purpose of identifying dates for the scheduled depositions, which shall occur before the close of discovery.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel (#96) is **granted in part and denied** in part as stated herein.

DATED: April 5, 2013.

_____
**C.W. HOFFMAN, JR.**
**UNITED STATES MAGISTRATE JUDGE**