**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARCHWAY INSURANCE SERVICES, LLC; UNION ONE INSURANCE GROUP, LLC; NEVADA INVESTMENT PARTNERS, LLC; and TRINITY CAPITAL MANAGEMENT GROUP, LLC, | ) CASE NO. 2:11-CV-1173-JCM-CWH ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JAMES HARRIS; HARRIS CONSULTING SERVICES, INC.; and GREGORY HARRIS, | ) **STIPULATED PROTECTIVE** ) **ORDER** ) |
| Defendants. | ) ) |

IT IS STIPULATED AND AGREED by and between Plaintiffs, Archway Insurance Services, LLC, Union One Insurance Group, LLC, Nevada Investment Partners, LLC, and Trinity Capital Management Group, LLC and Defendants James Harris, Harris Consulting Services, Inc., and Gregory Harris (collectively the "Parties"), through their respective counsel, in compliance with the Minute Order entered by the Court on May 31, 2013, that the following provisions shall govern the conduct of the parties in the litigation of this case and otherwise.

**Definitions**

1.     As used herein:

(a)     "Confidential Information" shall mean trade secrets; confidential personal, financial, research, development, commercial or business information; competitively sensitive information; or other information the disclosure of which would be detrimental to the conduct of that party's business;

(b)     "Highly Confidential Information" shall mean trade secrets; confidential personal, financial, research, development, commercial or business information; competitively sensitive information; or other information the disclosure of which to the opposing parties in this case is reasonably likely to result in detriment to the Designating Party.  In the event that information designated as "CONFIDENTIAL" is later desired by a party to come within

the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" category, that party may so designate the information by notice to all parties.

(c)     "Designator" shall mean the Party identifying or producing materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Stipulated Protective Order, or the Party to whom the documents relate (if production is being made by a third party), and the Designator's counsel, agents, assigns or successors.

(d)     "Requesting Party" shall mean the Party seeking documents which contain Confidential Information or Highly Confidential Information, its attorneys, agents, assigns or successors;

(e)     "This Litigation" shall mean the pending litigation styled *Archway Insurance Services, LLC et al. v. Gregory Harris, et al.*, No. 2:11-CV-1173-JCM-CWH in the United States District Court for the District of Nevada;

**Procedure for Identification of Confidential or Highly Confidential Information**

2.     Any party hereto may designate documents produced, testimony given, or other information exchanged in connection with this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  The Designator shall identify Confidential Information or Highly Confidential Information by any of the following means: a notation on the documents, such as placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"  on the document or the portion(s) of a deposition transcript containing the Confidential or Highly Confidential Information in a manner that will not interfere with its legibility; a statement on the record of a deposition; written advice to the respective undersigned attorney for the Parties hereto, or other appropriate means.  With regard to Confidential or Highly Confidential Information disclosed during deposition testimony, the Designator shall either (i) identify on the record the testimony that is Confidential during the course of the deposition or hearing, or (ii) thereafter identify the portions of the transcript containing Confidential or Highly Confidential Information.

3.     Designator will identify Confidential or Highly Confidential Information prior to, or contemporaneously with, the production or disclosure of that information.  No waiver of

2

confidentiality will occur by virtue of the inspection of documents containing Confidential or Highly Confidential Information before they are copied and marked as Confidential or Highly Confidential under this procedure.

4.      If Confidential or Highly Confidential Information is inadvertently or mistakenly produced without the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" on the document, or not otherwise designated as Confidential or Highly Confidential Information pursuant to this Stipulated Protective Order, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the information contained in the document is Confidential or Highly Confidential Information. Upon the Designator's discovery of the inadvertent disclosure of Confidential or Highly Confidential Information without the appropriate designation, the Designator shall notify the Requesting Party of the Confidential or Highly Confidential nature of the document(s) produced, and shall promptly exchange the un-designated documents with documents containing the appropriate identification of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."  In the event the Requesting Party has disclosed the Confidential or Highly Confidential Information to third parties who are not subject to this Stipulated Protective Order prior to notification that the information was inadvertently produced as non-Confidential or Highly Confidential Information, then the Requesting Party shall comply with the applicable provisions of paragraph 23 below.

5.      Extracts and summaries of Confidential or Highly Confidential Information shall also be treated as confidential or highly confidential in accordance with the provisions of this Stipulated Protective Order.

**Effect of Designation as Confidential or Highly Confidential—Attorney Eyes' Only**

6.    Nothing in this Stipulated Protective Order shall be construed as a waiver of a party's right to contest the designation of any document or information as Confidential or Highly Confidential.

7.    The Receiving party may, at any time, notify the Designating party that the Receiving party objects to the designation of a document or other material as Confidential or Highly Confidential Information and, afterward, the Parties shall attempt in good faith to resolve the matter.   If no resolution is made, the Receiving party may move before the Court for an order removing the Confidential or Highly Confidential Information designation from those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential or Highly Confidential Information. If such motion is filed, the documents or other materials shall be deemed to be Confidential or Highly Confidential Information unless and until the Court rules otherwise.

8.    If a Requesting Party or its counsel obtains information from a third party via a subpoena or other means of discovery and the Designator claims that such information is its own Confidential or Highly Confidential Information, the Designator, after obtaining copies of the information from either the Requesting Party or the third party, shall in writing inform the Requesting Party of its claim and identify the portion of the information that is Confidential or Highly Confidential Information.  Information obtained by a Requesting Party from a third party via a subpoena or other means of discovery shall be treated as Highly Confidential Information for a period of fifteen days after service of a copy of such documents on counsel for all parties in this matter, and thereafter if the Designator makes a written claim as discussed in this paragraph.

9.    This Stipulated Protective Order shall have no effect on the right of any Designator to use its own Confidential or Highly Confidential Information in any manner

4

whatsoever.  The entry of an Order adopting this Stipulated Protective Order shall be without prejudice to the right of any Party to apply to the Court for additional or different protection.

10.     Unless and until such designation is removed, no Party, their Counsel, or persons identified in paragraph 1(c) of this Stipulated Protective Order, shall use or disclose information or documents designated as Confidential, including, without limitation, deposition or hearing transcripts containing Confidential or Highly Confidential Information, under this Stipulated Protective Order for any purpose whatsoever other than preparing for and conducting this Litigation, including appeals.

11.     In the event a Party must file any pleadings, transcripts or other court filings that contain, incorporate, or disclose Confidential or Highly Confidential Information with the Court, whether as an exhibit, attachment, or otherwise, such Party shall request that the Clerk of the Court file the document under seal, pursuant to the terms of this Stipulated Protective Order.

12.     The Parties and their Counsel shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Stipulated Protective Order to any other person or entity, except in the following circumstances:

(a)     Disclosure may be made to the named Parties to the Litigation and their respective Counsel;

(b)     Disclosure may be made to employees of a Party's Counsel who have direct functional responsibility for the preparation and trial of this matter;

(c)     Disclosure may be made to employees or representatives of a Party who provide assistance in the conduct of this Litigation;

(d)     Disclosure may be made to court reporters engaged to record depositions, hearings, the trial of this matter or related proceedings;

(e)     Disclosure may be made to consultants, investigators, or experts employed by the Parties or their Counsel to assist in the preparation or trial of this Litigation;

(f)  Disclosure may be made to any non-party deposition or trial witness; and

(g)  Disclosure may be made to any other person if the Designator agrees in writing to the disclosure.

13.  The Parties and their Counsel shall not disclose or permit the disclosure of any documents or information designated as Highly Confidential under this Stipulated Protective Order to any other person or entity, except in the following circumstances:

(a)  Disclosure may be made to the Parties' respective Counsel;

(b)  Disclosure may be made to employees of a Party's Counsel who have direct functional responsibility for the preparation and trial of this matter;

(c)  Disclosure may be made to court reporters engaged to record depositions, hearings, the trial of this matter or related proceedings;

(d)  Disclosure may be made to outside consultants or experts employed by the Parties or their Counsel to assist in the preparation or trial of this Litigation who are not otherwise associated with the Parties;

(e)  Disclosure may be made to any non-party deposition or trial witness; and

(f)  Disclosure may be made to any other person to whom the Parties in writing agree or that the Court in these proceedings designates.

14.  Before any person referred to in paragraph 12(b)-(g) and 13(b)-(f) above is provided any Confidential or Highly Confidential Information, such person must first be informed of the terms of this Stipulated Protective Order and agree to abide thereby.  In addition, Confidential or Highly Confidential Information shall not be provided to anyone described in paragraph 12(e), (f) or (g) and/or 13(d), (e) or (f) above until each such individual has also executed a duly signed Affirmation in the form attached hereto as Exhibit "A".   In lieu of a signed Affirmation, any deponent or trial witness may, prior to receiving Confidential or Highly

Confidential Information, acknowledge on the record their understanding of, and agreement to comply with, this Stipulated Protective Order.

15.     Nothing herein shall prevent a Party from examining an opposing Party's witness utilizing the opposing Party's own Confidential or Highly Confidential Information.

16.     Confidential or Highly Confidential Information may be used in testimony at trial, at any motion hearing, and at depositions, and may be offered in evidence at trial or at any motion hearing, all subject to any further Order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, but may not be used for any other purpose except as expressly provided herein or by further Order of the Court.

17.     This Stipulated Protective Order is not intended to address any objections or claims of privilege or claims of confidentiality.

18.     Nothing in this Stipulated Protective Order shall require disclosure of information which counsel contends is protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable privilege, law or immunity.

19.     Upon final judgment, all persons subject to the terms of this Stipulated Protective Order shall, upon request, assemble and return to the Designating Party all such documents, testimony and other information designated as Confidential or Highly Confidential Information, including all copies thereof, except that copies of pleadings, correspondence, or copies of correspondence, and notes made in the course of this action, all of which may refer to or be derived from the Confidential or Highly Confidential Information, may be maintained by the Receiving parties or their successors.  Notwithstanding the foregoing, any party's attorney of record at the time shall have the right to retain one complete copy of all Confidential or Highly

7

Confidential Information, the confidentiality of which shall be maintained consistent with the terms of this Stipulated Protective Order.

20.     This Stipulated Protective Order is effective on the date the Order below is entered by the Court.

21.     The undersigned Counsel represent that they have authority to sign on behalf of and to bind their respective clients.

22.     The undersigned Counsel agree to be bound by all terms and restrictions imposed on the Parties under this Stipulated Protective Order.

23.     Should any Confidential or Highly Confidential Information be disclosed, through inadvertence or otherwise, by the Requesting Party to any person or Party not authorized under this Stipulated Protective Order, then the Requesting Party shall promptly seek the return of any such Confidential or Highly Confidential Information; shall promptly inform such person of all provisions of this Stipulated Protective Order and; and upon discovery of such disclosure, shall promptly identify such person to the Designator.

24.     The restrictions and obligations set forth in this Stipulated Protective Order relating to Confidential or Highly Confidential Information shall not apply to any information which: (i) the Parties agree, or the Court rules, is already public knowledge; (ii) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Requesting Party; or (iii) information which the parties agree, or the Court rules, was not or is no longer confidential.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of Confidential or Highly Confidential Information if said person already has legitimate possession thereof.

25.     If a Party is subpoenaed or served with a document demand in an action or proceeding other than this Litigation (a "Demand"), and the Demand seeks Confidential or

Highly Confidential Information, the Party to whom the Demand is directed shall (i) give written notice to the Designator by hand delivery or facsimile transmission within three (3) business days of receipt of the Demand and (ii) refrain from producing Confidential or Highly Confidential Information in response to the Demand until the earlier of (i) receipt of written notice from the Designator that it does not object to production of the Confidential or Highly Confidential Information or (ii) resolution of any objection asserted by the Designator, whether by agreement or by final order of the court with jurisdiction over the Designator's objection. The burden of opposing the enforcement of the Demand shall fall solely upon the Designator. Compliance by the Party on which the Demand was made pursuant to an order directing production of Confidential or Highly Confidential Information shall not constitute a violation of this Stipulated Protective Order. This Stipulated Protective Order shall not be construed to require a Party on which a Demand is made, or anyone else covered by this Stipulated Protective Order, to (i) challenge or appeal any order directing production of Confidential or Highly Confidential Information covered by this Stipulated Protective Order, (ii) subject the Party to whom a Demand is made to any penalties for non-compliance with a legal process or order, or (iii) seek any relief from this Court.

26.    This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory, or other legal privilege or protection of a Party or person with respect to any Confidential or Highly Confidential Information. That materials are designated as Confidential shall not operate as an objection to or otherwise affect the admissibility of those materials. That materials are designated as Confidential shall not affect what a trier of fact in the Litigation or any other proceeding may find to be confidential or proprietary.

27.    This Stipulated Protective Order shall survive any settlement, judgment or other disposition or conclusion of this Litigation and all appeals therefrom.

28.     The Parties reserve the right to change or modify this Stipulated Protective Order in writing at any time, provided that no change is effective against or binding upon any Party unless and until any written change or modification is signed by that Party or its Counsel and no disclosure or use until resolution.

29.     The Parties have the right to seek any appropriate remedies and/or sanctions from the Court for any violations of this Stipulated Protective Order.

BLACK & GERNGROSS, P.C.                    LOVATO LAW FIRM, P.C.
Attorneys at Law

BY:    _____/s/ Mark Drasnin_____          BY:    _____/s/ Mario Lovato_____
       James J. Black, Esquire                   Mario P. Lovato
       Jeffrey B. Miceli, Esquire                Nevada Bar No. 7427
       Mark W. Drasnin, Esquire                  8670 W. Cheyenne Ave., Suite 120
       Black & Gerngross, P.C.                   Las Vegas, NV 89129
       1617 John F. Kennedy Blvd.
       Suite 1575
       Philadelphia, PA  19103

       Attorneys for Plaintiffs Archway         Attorneys for Defendants
       Insurance Services, LLC, Union           James Harris, Gregory Harris
       One Insurance Group, LLC,                and Harris Consulting Services, Inc.
       Nevada Investment Partners, LLC
       and Trinity Capital Management
       Group, LLC

       Dated: June 14, 2013.                    Dated: June 14, 2013.

**EXHIBIT"A"**

**AFFIRMATION**

I certify that I have read, fully understand, and agree to be bound by the terms of the Stipulated Protective Order approved by the Court on dated June _____, 2013, by and among Archway Insurance Services, LLC, Union One Insurance Group, LLC, Nevada Investment Partners, LLC and Trinity Capital Management, LLC and James Harris, Harris Consulting Services, Inc. and Gregory Harris , and their Counsel, regarding the Litigation styled *Archway Insurance Services, LLC et al. v. Gregory Harris, et al.*, No. 2:11-CV-1173-JCM-CWH in the United States District Court for the District of Nevada.

I further acknowledge that Confidential or Highly Confidential Information I receive and which is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY EYES' ONLY" pursuant to the Stipulated Protective Order is subject to the terms of the Stipulated Protective Order and protected from further disclosure, and that I will take all reasonable steps to insure that such Confidential or Highly Confidential Information is not disclosed to any person or entity, except as provided in this Stipulated Protective Order.

Date: _____          By: _____

                           Print Name: _____

1
2
**<u>ORDER</u>**
3
IT IS SO ORDERED this ___17th___ day of June, 2013.
4
5
6
_____
7
UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28