1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

ARCHWAY INSURANCE SERVICES, LLC, et al.,

2:11-CV-1173 JCM (CWH)

9
10

Plaintiff(s),

11

v.

12

JAMES HARRIS, et al.,

13

Defendant(s).

14
15

**ORDER**

16      Presently before the court is defendants James Harris', Harris Consulting Services, Inc.'s, and

17  Gregory Harris' first motion for summary judgment.  (Doc. # 95).  Plaintiffs Archway Insurance

18  Services, LLC, Union One Insurance Group, LLC, Nevada Investment Partners, LLC, and Trinity

19  Capital Management Group, LLC, filed a response (doc. # 100), and defendants filed a reply (doc.

20  # 117).

21  **I. Background**

22      This matter arises out of the financing and purchase of the Harris Agency ("THA"), an

23  insurance business, and was originally filed in the Eastern District of Pennsylvania.  Upon motion

24  of all of the defendants, the portion of the case relating to the defendants herein, (James Harris,

25  Harris Consulting Services, Inc. and Gregory Harris) was transferred to this court, and the portion

26  relating to various bank defendants was transferred to the United States District Court for the District

27  of Kansas.  Only counts one and two of the complaint for fraud and breach of contract are being

28

**James C. Mahan**
**U.S. District Judge**

1  litigated in this district.

2         On January 4, 2013, defendants served requests for documents, interrogatories, and requests

3  for admission upon plaintiffs.  Plaintiffs failed to respond within 30 days, and the requests were

4  deemed admitted pursuant to Fed. R. Civ. P. 36(a).  Defendants then filed the instant motion on

5  February 27, 2013, based almost exclusively on those deemed admissions.[1]

6         On March 21, 2013, plaintiffs filed a motion to withdraw the deemed admissions.  (Doc. #

7  98).  On May 31, 2013, Magistrate Judge Hoffman heard oral argument and granted plaintiffs'

8  motion to withdraw.  (*See* docket # 129).

9  **II.  Legal Standard**

10        Summary judgment is appropriate when, viewing the facts in the light most favorable to the

11 nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to

12 judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P.

13 56©.  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable fact

14 finder could find for the nonmoving party, and a dispute is material only if it could affect the

15 outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49

16 (1986).  The moving party bears the burden of informing the court of the basis for its motion,

17 together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*

18 *Corp.v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, it is

19 entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions,

20 answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue

21 for trial." *Id.* at 324; Fed. R. Civ. P. 56©.

22 . . .

23 . . .

24 . . .

25

26        [1] On March 27, 2013, defendants filed a second motion for summary judgment based on grounds separate and
   apart from the deemed admissions.  (Doc. # 102).  However, this order rules only on defendants' first motion for
27 summary judgment.  (Doc. # 95).

28

**James C. Mahan**
**U.S. District Judge**

1

**III.  Discussion**

2        In their motion, defendants' introductory paragraph states that "[t]his motion specifically

3   addresses [p]laintiffs' complete failure to respond to detailed discovery that [d]efendants have served

4   in this case.  Among the discovery are requests for admissions.  Plaintiffs have not responded

5   whatsoever to any of the requests for admissions served by [d]efendants.  Because the requests for

6   admissions address both claims for relief being made by [p]laintiffs, the admissions that are deemed

7   to occur when a party chooses not to respond to requests for admission require that judgment be

8   entered in favor of [d]efendants."  (*See* defendants' first motion for summary judgment, doc. # 95,

9   p. 2).  Thus, it is clear that the instant motion is premised upon plaintiffs' failure to timely respond

10  to discovery requests.

11          **<u>Fraud (count 1)</u>**

12        To establish a claim for fraud, a plaintiff must prove that: (1) the defendant made a false

13  representation; (2) with knowledge or belief that the representation was false or without a sufficient

14  basis for making the representation; (3) with the intent to induce the plaintiff to act or refrain from

15  acting on the representation; (4) which representation the plaintiff justifiably relies upon; and (5)

16  which reliance damages the plaintiff.  *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588 (Nev. 1992);

17  *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406 (D. Nev. 1995).

18        Additionally, any claim for fraud must be pled with particularity under Federal Rule of Civil

19  Procedure 9(b).  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).  To meet this standard,

20  plaintiffs must present details regarding the "time, place, and manner of each act of fraud, plus the

21  role of each defendant in each scheme."  *Lancaster Com. Hosp. V. Antelope Valley Hosp. Dist.*, 940

22  F.2d 397, 405 (9th Cir. 1991).

23        In contesting the basis for plaintiffs' claims for fraud, defendants do not argue that plaintiffs

24  have failed to plead or otherwise allege facts sufficient to establish a claim for fraud.  Instead,

25  defendants rely almost exclusively on the deemed admissions to requests number 10 ("[a]dmit that

26  no false statements are contained in the Production Report that is attached hereto as Ex. 1" ) and

27  number 11 ("[a]dmit that [p]laintiffs' fraud claim against James Harris and Gregory Harris is false

28

James C. Mahan
U.S. District Judge

1    and without factual basis"). (*See* defendants' first motion for summary judgment, doc. # 95, at p. 9).

2         Despite being improper requests, as they seek admissions to admittedly contested facts, the

3    deemed admissions were withdrawn pursuant to Magistrate Judge Hoffman's subsequent order. (*See*

4    docket # 129). Because the instant motion is based upon those withdrawn admissions, the court

5    finds that defendants have not satisfied their burden to demonstrate the absence of any genuine issue

6    of material fact. *Celotex,* 477 U.S. 317. Accordingly, the court declines to grant defendants' first

7    motion for summary judgment on plaintiffs' fraud claims.

8         **Breach of contract (count 2)**

9         Plaintiffs assert claims for breach of contract regarding: (1) an alleged loan made to a THA

10   employee, Dianne Curry, at the request of defendant James Harris, and (2) an alleged loan guaranty

11   for the second traunche of the account acquisition purchase price. As with the fraud claims,

12   defendants' argument that they are entitled to summary judgment on plaintiffs' breach of contract

13   claims is based primarily based upon deemed admissions.

14        As to the breach of contract claim regarding Curry, defendants rely heavily upon deemed

15   admissions to requests number 18 ("[a]dmit that the allegations contained in [p]aragraph 63 of

16   [p]laintiffs' [c]omplaint are false and without good and proper factual basis"), and number 35

17   ("[a]dmit that none of [p]laintiffs provided or paid any monies to Dianne Curry during the time that

18   she worked for The Harris Agency, LLC"), among others. For the reasons discussed above, these

19   requests were improper, and were withdrawn in any event.

20        In addition to their reliance on the deemed admissions, defendants argue they are entitled to

21   summary judgment on plaintiffs' breach of contract claim regarding Curry because the payment was

22   not a "loan" but was instead a "non-refundable sign-on bonus." Again, defendants do not provide

23   any support from the record for this assertion, whether it be deemed admissions or otherwise.

24        Accordingly, defendants have not satisfied their burden and their first motion for summary

25   judgment on plaintiffs' breach of contract claims is denied.

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**                                    - 4 -

**IV.  Conclusion**

As defendants admit, "[a]bsent the [c]ourt's granting of [p]laintiffs' separate motion to withdraw admissions, [p]laintiffs have not provided a basis for denying the Harrises' motion for summary judgment." (*See* defendants' reply in support of motion for summary judgment, doc. # 117, p. 3).  Because defendants' first motion for summary judgment is premised on deemed admissions, and because the court has subsequently granted plaintiffs' request to withdraw those admissions, the court denies defendants' motion.  The court finds that defendants have failed to provide appropriate evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. 317.

Defendants have filed a second motion for summary judgment containing additional grounds for an adjudication in their favor that are separate and apart from the grounds relied upon here. (*See* doc. # 102).  To be clear, the instant order rules solely on defendants' first motion for summary judgment based upon deemed admissions. (Doc. # 95).  The court will issue a separate order ruling on defendants' second motion for summary judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' first motion for summary judgment (doc. # 95) be, and the same hereby is, DENIED.

DATED September 26, 2013.

_____
**UNITED STATES DISTRICT JUDGE**