# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARCHWAY INSURANCE SERVICES, LLC, *et al.*, | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:11-cv-01173-JCM-CWH |
| vs. | ) **ORDER** |
| JAMES HARRIS, *et al.*, | )<br>) |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion for Attorney Fees (#130), filed May 31, 2013; Plaintiffs' Response (#140), filed June 17, 2013; and Defendants' Reply (#141), filed June 27, 2013.

## BACKGROUND

On May 31, 2013, the undersigned conducted a hearing on several pending motions, including Plaintiffs' motion to withdraw deemed admissions (#98), which was granted. *See* Mins. of Proceedings (#129). Near the end of the hearing, Defendants' counsel requested an award of fees and costs based on the "universal" rule that a condition of withdrawing deemed admissions is the requirement that the withdrawing party pay the increased costs and fees, including attorneys' fees, related to the initial failure to respond to the requests for admissions. Though the request was included in Defendants' response (#106), it did not set forth an adequate basis upon which an award of fees could be entered. *See e.g. Intel Corp. V. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993) ("When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate."). Given the failure to include the necessary information, the Court declined to consider an award at the hearing and, instead, instructed defense counsel to file a separate motion to which Plaintiff's counsel could respond.

Within hours after completion of the hearing, Defendants' filed their renewed motion seeking $5,214.00 in attorney's fees as a condition of withdrawal of the deemed admissions. Defendants continued to assert that such an award is required as a condition of permitting the withdrawal of deemed admissions. Plaintiffs opposed the motion arguing that fees should not be awarded or, alternatively, the award should be substantially reduced. Defendants replied that because Plaintiffs offer no "legal justification for their non-response," the withdrawal of admissions must be "conditioned upon payment of any and all fees resulting from the failure to respond to the requests for admissions."

## DISCUSSION

The Court rejects the position that there is a "universal" rule that a condition of withdrawing deemed admissions is the requirement that the withdrawing party pay the increased costs and fees, including attorneys' fees, related to the initial failure to respond to the requests for admissions. Neither Rule 36 nor the cases cited by Defendants support this proposition. The only reference to an award of fees and expenses in Rule 36 is found in Rule 36(a)(6), which provides that "Rule 37(a)(5) applies to an award of expenses" on a motion regarding the sufficiency of an answer or objection. Defendants have not moved to determine the sufficiency of any answers or objections and, therefore, there is no basis for an award under Rule 36(a)(6). Moreover, in the context of the withdrawn admissions, Defendants are not without a remedy. Pursuant to Rule 37(c)(2), "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making the proof." Though the Federal Rules support an award of fees and costs in certain situations, there is nothing within Rule 36 approximating a "universal" rule that a condition of withdrawing deemed admissions is the payment of attorneys' fees and costs.

Additionally, the cases cited by Defendants do not support the "universal" rule advocated by Defendants. In *Hadley v. United States*, 45 F.3d 1345 (9th Cir. 1995), the Ninth Circuit found that the district court abused its discretion by denying a motion to withdraw deemed admissions, which "resulted in the sanction of an effective dismissal," without considering other, less severe alternatives. 45 F.3d at 1350. The Ninth Circuit identified several "less severe" alternatives, including payment of a substantial monetary fine, payment of the opposing party's increased costs and expenses, or an

extension to permit the non-withdrawing party additional time to prepare the case.  The Ninth Circuit did not hold, as Defendants assert, that any withdrawal of deemed admissions be conditioned on the payment of fees and expenses.  Indeed, the Ninth Circuit did not award fees and expenses or remand with instructions that fees and expenses be awarded.  In *Mid-Valley Bank v. North Valley Bank*, 764 F. Supp. 1377 (E.D. Cal. 1991), the court granted a motion to withdraw deemed admissions and awarded attorneys fees and costs.  The court did not hold that the fees and costs were awarded under Rule 36, but appears to have exercised its inherent authority to award fees for the withdrawing party's "preposterous" basis for disobedience to the Federal Rules.  764 F. Supp. at 1391 (Plaintiff's counsel seeks relief from the strictures of the rule premised upon a preposterous assertion of good faith misunderstanding of [the withdrawing party's] responsibilities [under Rule 36(a)] unworthy of extended discussion.").

At most, the cases cited by Defendants stand for the unremarkable proposition that, under certain circumstances, an award of fees and costs in relation to withdrawing deemed admissions may be appropriate.  The undersigned is not convinced that such an award would be based in any specific provision of Rule 36, but would be a discretionary award entered pursuant to the Court's inherent authority.  Courts retain the inherent power to levy sanctions for abusive litigation tactics.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980).  The court's inherent authority to issue sanctions was reiterated in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) and extends "to a full range of litigation abuses."  *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (quoting *Chambers*, 501 U.S. at 46-47).  Nevertheless, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers*, 501 U.S. at 44.  "When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the [Federal] Rules, the court ordinarily should rely on the Rules rather than the inherent power."  *Id*. at 50.  Imposition of sanctions using the court's inherent powers must "be preceded by a finding of bad faith, or conduct tantamount to bad faith."  *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (citing *Fink*, 239 F.3d at 993).

The Court declines to enter sanctions in this matter.  There is nothing before the Court to indicate that Plaintiffs' failure to timely respond to the requests for admissions was due to bad faith or conduct tantamount to bad faith.  Further, there is no basis in rule or law to support the proposition that

a "universal" rule requiring the payment of fees as a condition of withdrawing deemed admissions exists under Rule 36 or the case law cited by Defendants.  Though it has discretion to consider an award of fees and expenses, the Court finds that the circumstances before it do not merit an award. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney Fees (#130) is **denied**.

DATED: November 21, 2013.

_____
**C.W. HOFFMAN, JR.**
**UNITED STATES MAGISTRATE JUDGE**