UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARCHWAY INSURANCE SERVICES, LLC, et al.,<br><br>           Plaintiff(s),<br><br>v.<br><br>JAMES HARRIS, et al.,<br><br>           Defendant(s). | 2:11-CV-1173 JCM (CWH) |

**ORDER**

Presently before the court is defendants' motion for attorney's fees from the inception of the case to March 21, 2013. (Doc. # 169). Plaintiffs have responded (doc. # 171) and defendants have replied (doc. # 175).

Also before the court is defendants' motion for attorney's fees and costs pursuant to an offer of judgment under Nevada law. (Doc. # 170). Plaintiffs have responded (doc. # 172) and defendants have replied (doc. # 176). Defendants have also filed a supplement. (Doc. # 177).

**I.**    **Background**

This matter arises out of claims of fraud and breach of contract that were dismissed by this court as a result of plaintiffs' motion for voluntary dismissal (doc. # 103) and defendants' second motion for summary judgment (doc. # 102). (*See* order, doc. # 166). Plaintiffs requested dismissal with prejudice on their breach of contract claims after they could not offer evidence to contradict defendants' claim that the signatures on the alleged contract were not authentic. (Doc. # 103).

**James C. Mahan**
**U.S. District Judge**

Defendants sought summary judgment on the claim of fraud, because the valuation of a book of business was an opinion about future worth, not a fraudulent claim. (Doc. # 166 at p. 10).

In granting plaintiffs' motion for voluntary dismissal, this court stated that "[d]efendants may move for attorney's fees at the conclusion of this case." (Doc. # 166 at p. 7).

Defendants served an offer of judgment to plaintiffs on May 22, 2012, for $10,100.00. (Doc. # 170 at p. 2). Defendants submitted the offer of judgment for the purposes of NRCP 68 and NRS 17.115. (Doc. # 170 at p. 2). Plaintiffs did not accept the offer of judgment.

**II.     Discussion**

*A.     Motion for Attorney's Fees and Costs (Doc. # 169)*

A court may condition dismissal upon plaintiff's paying appropriate costs and fees to defendants. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The court previously stated it "may award fees and costs incurred in relation to [the breach of contract] claim up until plaintiffs' letter of March 21, 2013." (Doc. # 166 at p. 7). Plaintiffs do not dispute that dismissal was conditioned upon paying of appropriate fees. (Doc. # 171 at p. 5). Plaintiffs instead dispute defendants' calculation of fees, and claim that defendants seek all fees and costs as opposed to the fees relating only to the breach of contract claim. (Doc. # 171 at p. 5).

Defendants respond that the breach of contract claim "represented over 99.5% of the damages [] sought by [p]laintiffs." (Doc. # 175 at p. 3). Therefore, defendants argue that, because very little time was expended on the other claims, they are entitled to the full amount of fees and costs requested. (Doc. # 175 at p. 6).

The court disagrees with defendants' assertion that the fraud claim and breach of contract claim are the same. Count one of the complaint was for fraud, and specifically alleged that defendants misrepresented the volume of the book of business in an attempt to induce plaintiffs into entering into a transaction for financing. (Doc. # 1 at p. 14-15). Count two for the breach of contract alleged that defendants failed to honor a loan guarantee. (Doc. # 1 at p. 15). Although both claims have been dismissed by the court, they still allege different conduct. Defendants' assertion that "the two primary claims were for the same purported damages, and both were essentially guaranty

James C. Mahan
U.S. District Judge

- 2 -

1  claims" is not persuasive. (Doc. # 175 at p. 6).

2  The local rules require motions for attorneys fees to be reviewed and edited, and require that
3  the attorney authenticating the information confirm the costs charged are reasonable. *See* Local Rule
4  54-16(c). Defendants have not reviewed and edited the fees requested in an effort to limit them to
5  those incurred in relation to the breach of contract claim as previously directed by the court.
6  (*See* order doc # 166 at p. 7).

7  Therefore, defendants' motion for attorney's fees and costs from the inception of the case to
8  March 21, 2013, will be denied. (Doc. # 169).

9    B.  *Motion for Attorney's Fees and Costs (Doc. # 170)*

10  Relying on the Supreme Court, the Ninth Circuit has found that a state's offer of judgment
11  rules are substantive and therefore a federal court sitting with diversity jurisdiction should follow
12  the state's offer of judgment rules. *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir.
13  1999) (citing *Alyeska Pipeline Serv. v. Wilderness Society*, 421 U.S. 240, 259 (1975)). In that case,
14  the court specifically stated that "Nevada law permits a prevailing defendant to recover attorneys'
15  fees incurred after an offer of judgment is rejected by the plaintiff. It would be unjust and a violation
16  of the national policy described in *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188
17  (1938), to reach a different result here simply because the forum is federal." *MRO Commc'ns, Inc.*,
18  197 F.3d at 1282-83.

19  The Nevada Rules of Civil Procedure and the Nevada Revised Statutes provide similar offer
20  of judgment rules. *See* Nev. Rev. Stat. § 17.115; Nev. R. Civ. P. 68. NRCP 68 directs that when "an
21  offeree rejects an offer and fails to obtain a more favorable judgment, . . . (2) the offeree shall pay
22  the offeror's post-offer costs . . . and reasonable attorney's fees." Nev. R. Civ. P. 68(f). NRS 17.115
23  provides a similar discretionary penalty that allows the court to grant costs for expert witnesses. *See*
24  Nev. Rev. Stat. § 17.115(4)(d).

25  Defendants claim that they are entitled to post-offer costs and reasonable attorney's fees after
26  they served an offer of judgment to plaintiffs on May 22, 2012. (Doc. # 170 at p. 2). Plaintiffs argue
27  that they should not be required to pay costs and fees for several reasons: (1) the offer of judgment

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  did not comply with the requirements of the relevant statutes, (2) the defendants' motion did not
2  present argument on the relevant facts, and (3) the factors that should be considered according to the
3  Nevada Supreme Court have not been met. (Doc. # 172 at p. 2).

4  An offer of judgment made to multiple plaintiffs is valid only if plaintiffs asserted a common
5  theory of liability or demonstrated that the damages sought were derivative. *See Albios v. Horizon*
6  *Communities, Inc.*, 122 Nev. 409, 421-22 (2006). In this case, all damages asserted related to the
7  defendants' alleged fraud and breaches of contract regarding the Harris' book of business. (Doc. #
8  1 at p. 14-15). Therefore the court finds that plaintiffs asserted a common theory of liability against
9  defendants.

10  When an offer of judgment is made to multiple plaintiffs under NRCP 68, the same person
11  or group of persons must be authorized to settle the claims of all plaintiffs, in order for the defendant
12  to recover attorney's fees. *See Albios*, 122 Nev. at 422-23. Plaintiffs claim that the ownership of
13  Archway and Trinity are "separate and distinct from that of Union One and NIP." (Doc. # 172 at p.
14  7). Defendants respond that the four entities have the same principal owners. (Doc. # 176 at p. 5).
15  The court is persuaded by the findings of the bankruptcy trustee that Archway, Union One, and NIP
16  were all jointly owned by the same four principal individuals. (Doc. # 176 at p. 12). Additionally,
17  Randall Siko–one of the principal owners–established Trinity in order to receive payments from
18  Archway for tax purposes. (Doc. # 176 at p. 58-59). Therefore, the court finds that the same group
19  of individuals were authorized to decide whether to settle claims for all the plaintiffs.

20  Plaintiffs also claim that defendants are not entitled to attorney's fees when considering the
21  *Beattie* factors for attorney's fees under NRCP 68. (Doc. # 172 at p. 7). The Nevada Supreme Court
22  directed courts to consider whether: (1) plaintiffs' claims were brought in good faith; (2) defendants'
23  offer was reasonable and in good faith considering both timing and amount; (3) whether plaintiffs'
24  decision to reject the offer and proceed was unreasonable or in bad faith; and (4) whether the fees
25  sought are reasonable and justified. *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).

26  Here, considering the *Beattie* factors, the court finds that attorney's fees under NRCP 68
27  should be granted. Not only were the plaintiffs' claims without merit, they were also apparently
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

based on unauthentic signatures. (Doc. # 166 at p. 6). The offer of judgment was offered over a year and a half after the claims were filed, and the amount ($10,100) was reasonable considering the lack of merit of plaintiffs claims. Additionally, even though discovery was just beginning when the offer was made, plaintiffs had been intimately involved with the bankruptcy proceedings of the defendants company prior to filing. Plaintiffs should have been aware that the claims lacked merit, and therefore the decision to reject the offer and proceed into discovery was unreasonable. Finally, plaintiffs have made no argument regarding the effectiveness of defendants' counsel and the court finds that counsel has been effective in this litigation, as shown by his success at the summary judgment stage.

As noted before, the local rules require motions for attorneys fees to include additional information beyond what Fed. R. Civ. P. 54(d)(2)(B) requires. *See* Local Rule 54-16(b). Motions for attorney fees are required to be reviewed and edited, and require that the attorney authenticating the information confirm the costs charged are reasonable. *See* Local Rule 54-16(c). Defendants' counsel has attached to their motion a declaration which meets the requirements set forth in Local Rule 54-16(b). (Doc. # 170 at p. 7).

Defendants' motion for attorney's fees and costs pursuant to Nevada's offer of judgment rules will be granted. (Doc. # 170).

C.  Attorney's Fees

Reasonable attorney's fees are calculated using the lodestar method as set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. District courts have the authority "to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure" to adjust fee awards. *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

In determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney requesting fees. *See, e.g.*, *Webb v. Ada County*, 285 F.3d 829, 840, n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing

in the forum community. *Id.; see also, Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). Based on the court's knowledge and experience, it finds that the requested hourly rate of $275 is reasonable.

Further, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. Though the court finds the amount of time expended was generally reasonable, it will exercise its discretion in awarding the full fees sought for certain time entries.

Between May 21, 2012, and June 1, 2012, defendants' counsel billed 7.5 hours for various services. This time period was the time that the offer of judgment was open to plaintiffs, and so the court finds that it should not be included in the penalty for rejection of the offer of judgment.

In sum, this court reduces the ultimate award of attorney's fees by $2,062.50 and awards $86,563.17.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for attorney's fees (doc. # 169) is DENIED.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for attorney's fees (doc. # 170) is GRANTED consistent with the foregoing.

DATED August 5, 2014.

*[signature]*
UNITED STATES DISTRICT JUDGE